IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3038 |
| | ) | |
| v. | ) | |
| | ) | |
| MCARTHUR JOHNVELL HIGGINS, | ) | TENTATIVE FINDINGS ON REVISED |
| | ) | PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT |
| | ) | |

     The Revised Presentence Investigation Report shows that the parties have agreed that Mr. Higgins is responsible for 150 grams but less than 300 grams of a mixture or substance containing a detectible amount of cocaine base; less than 2.5 grams of a mixture or substance containing a detectible amount of methamphetamine; and at least 250 grams but less than 1 kilogram of marijuana, which collectively equates to at least 3,000 to 10,000 kilograms of marijuana when converted pursuant to 2D1.1, Application Note 10.  I tentatively find that that is correct.

     The Revised Presentence Investigation Report shows that the criminal history category is III, based upon three convictions in 2004 for driving under the influence.  The first of these convictions he was sentenced to probation but that probation was revoked and he was sentenced to 10 days in jail; for the second offense he was sentenced to 30 days in jail and a $500 fine.  For the third offense he was sentenced to 30 days in jail and a $500 fine.  Two points were added in computing his criminal history category because the instant offense was committed while he was under a criminal justice sentence of probation or during its revocation previously mentioned. The Revised Presentence Investigation Report also shows that the defendant contends that "his criminal history is substantially overstated as set out in 4A1.3.   All five criminal history points related to these three DWI's in which he ultimately served 30 days in jail."   There is nothing that factually supports the conclusion that he actually spent 30 days in jail for the combination of three sentences for driving under the influence,  I conclude that five criminal history points, resulting in a criminal history category of III do not substantially overstate his criminal history.

The defendant has objected to paragraph 48 regarding Higgins having a firearm. The government has said that it believes the presentation of testimony by William Smith, Isaiah Cobb, Gary Snider and Brian Green will be necessary and that presenting it will take approximately one hour. The defendant has not requested presentation of evidence.

An evidentiary hearing will be held at the time of the sentencing on the issue of a gun enhancement at which William Smith, Isaiah Cobb, Gary Snider and Brian Green may be presented.

Dated November 20, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge