IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | 4:06CR3038 |
| ) | |
| v.       ) | |
| ) | |
| MCARTHUR JOHNVELL HIGGINS,       ) | MEMORANDUM ON DEFENDANT'S |
| ) | MOTION TO REDUCE SENTENCE |
| Defendant.       ) | PURSUANT TO 18 U.S.C. § 3582(C)(2) |
| ) | |

On August 12, 2008, the defendant, McArthur Johnvell Higgins, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (See filing 70.) My analysis of this motion follows.

**I.   BACKGROUND**

An indictment filed on February 24, 2006, charged the defendant with conspiring to distribute and to possess with the intent to distribute 50 grams or more of cocaine base ("crack cocaine"), methamphetamine, and marijuana. (Filing 1.) On September 21, 2006, the defendant pleaded guilty to the charge. (See filings 31-34.)

The defendant was deemed responsible for 170.1 grams of crack cocaine, 2.5 grams of methamphetamine, and 907.2 grams of marijuana. (See Revised Presentence Investigation Report, filing 59, ¶¶ 37-39.) Based on these quantities, the defendant's "base offense level" was determined to be 34. (Id. ¶¶ 39, 47.) A two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility were then applied, which resulted in a "total offense level" of 33. (Id. ¶¶ 48, 53, 56.) With this total offense level and a criminal history category of III, the defendant's guideline imprisonment range would have been 168-210 months. (Id. ¶ 95.) The defendant's objections to the criminal history calculation were sustained, however, (see filings 42, 58), and the parties agree that the defendant's guideline imprisonment range was ultimately found to be 151-188 months, (see filing 83 at 1; filing 84 at 2). On

1

February 7, 2007, I sentenced the defendant to a term of imprisonment of 160 months. (See filing 58.)

On June 29, 2007, the government moved for a reduction of the defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b). (See filing 63.) This motion was granted, and I reduced the defendant's sentence to a term of 100 months. (See filings 65, 66.) This represents a reduction of approximately 38% (160 - 100 = 60; 60 / 160 = 0.375).

The defendant has now moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines (which amended the drug quantity table for crack cocaine).

## II.   ANALYSIS

The defendant argues that a "full re-sentencing" should be performed so that his sentence can be reduced to a term of 41 months. (See filing 83 at 2, 10; filing 85 at 2.) I find, however, that the defendant's sentence cannot be reduced to a term of less than 75 months.

Section 3582(c)(2) provides,

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, "[f]avorable guidelines amendments may be used to reduce an earlier sentence if such a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting 18 U.S.C. § 3582(c)(2)). The "applicable policy statement" appears in USSG § 1B1.10, which in turn authorizes a sentence reduction based on Amendment 706. In other words, § 3582(c) authorizes me to reduce the defendant's sentence in accordance with the crack cocaine amendments to the

drug quantity table–provided that the reduction is consistent with the policy statement set forth in USSG § 1B1.10.

The Eighth Circuit instructs district courts to engage in a two-step process to determine whether, and to what extent, a sentence reduction under § 3582(c) is warranted. See United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc); United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997). "First, 'the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.'" Hasan, 245 F.3d at 684-85 (quoting Wyatt, 115 F.3d at 609). "The court must leave all previous factual determinations intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'" Id. at 685 (quoting Wyatt, 115 F.3d at 609). "The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence (as determined in step one of the analysis)." Id. "In making this second discretionary determination, the district court considers the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and it may thus reduce the original sentence to the point determined in step one as long as the reduction is consistent with applicable policy statements of the Sentencing Commission." Id.

When Amendment 706 is applied to the defendant's case, the defendant's base offense level is reduced to 32, his total offense level is reduced to 31, and the amended guideline range is 121-151 months. (See Retroactive Sentencing Worksheet.) Although a court generally cannot reduce a defendant's term of imprisonment to a term that is below the amended guideline range, an exception exists in cases (such as this one) where the defendant's sentence is already below the original guideline range. See USSG § 1B1.10(b)(2) ("If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate."). As the government explains in its brief, "[i]f the same 38% reduction [that the defendant received as a result of the government's Rule 35(b) motion] were applied to the low end of the amended range, the resulting sentence would be 75 months." (Pl.'s Br., filing 84, at 3.) In other words, taking into account the Rule 35(b) sentence reduction that

the defendant received in 2007, the defendant is now eligible to be sentenced to a term of no less than 75 months (121 * 0.38 = 45.98; 121 - 45.98 = 75.02).[1]

Although "step one" of the analysis described in Hasan establishes that the defendant cannot be sentenced to a term of less than 75 months, the defendant maintains that his sentence should be reduced to a term of 41 months. In support of his position, he argues that because Amendment 706 and subsequent guidelines amendments have not resolved the problems associated with the "100-to-1 drug quantity ratio"[2] in a fair and consistent manner, this court should "address this inherent unwanted disparity [between crack cocaine and powder cocaine sentences] by implementing a fair ratio across the board in establishing [the defendant's] new advisory guideline range." (Def.'s Br., filing 83, at 5.) More specifically, he argues that a 2 to 1 ratio ought to be applied in his case, which would lower his base offense level to 22 and result in a 41-51 month guideline range. (Id.) He submits that I have the authority to sentence him to a term within this proposed range, despite the fact that it rests well below the amended guideline range determined in step one, through my consideration of "the factors set forth in section

---

[1] I note parenthetically that if the 38% reduction were applied to the high end of the amended guideline range, the resulting sentence would be 94 months (151 * 0.38 = 57.38; 151 - 57.38 = 93.62). Thus, when taking into account the defendant's Rule 35(b) reduction, the amended guideline range essentially becomes 75 to 94 months. I also note that the government suggests that an 80-month sentence would lie at a distance above the 75-month minimum sentence that is proportional to the distance between the defendant's original sentence and the low end of his original guideline range. The government explains,

> Defendant's original sentence of 160 months was 9 months, or about 25%, above the low end of his original Guidelines range. If the Guidelines as amended had been in place at the time of his original sentencing, a sentence of 25% above the low end of the applicable range would have been approximately 129 months. A 38% reduction from that sentence would be 80 months.

(Pl.'s Br., filing 84, at 3.) The government does not explain how it performed these calculations; I note, however, that a 160-month sentence does lie at approximately the first quartile, or 25% mark, of a 151- to 188-month range (160 - 151 = 9; 188 - 151 = 37; 9 / 37 = 0.243). Similarly, a sentence of 129 months lies at approximately the 25% mark of a 121-151 month range (129 - 121 = 8; 151 - 121 = 30; 8 / 30 = 0.267).

[2] See USSG supplement to appendix C, Amend. 706

3553(a)."  (Id.; see also id. at 6-8.)  Hasan forecloses this argument, however.  See 245 F.3d at 685 (holding that at step one, the court must leave all previous factual determinations intact and simply determine the sentence that would have been imposed had the retroactive amendment been in affect at the time of the original sentencing, and that at step two, "the guiding factors in § 3553(a) and the applicable policy statements of the Sentencing Commission <u>are not grounds for an additional departure below the new sentence length already determined in step one</u>" (emphasis added)).

The defendant argues that Hasan was abrogated by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  He states,

> After Booker . . . the Sentencing Commission can only trigger a district court's <u>authority</u> to reduce a sentence by passing retroactive amendments.  It cannot dictate how the district court should exercise its <u>discretion</u> under § 3582(c)(2).  Thus, to the extent that the Sentencing Commission purports to place limits on sentencing reductions through U.S.S.G. § 1B1.10, those limits are not binding.  The court's discretion must instead be guided by 18 U.S.C. § 3553(a).

(Def.'s Br., filing 83, at 6.)  In other words, the defendant argues that because the guidelines are now "advisory" in nature, "there is no legitimate reason that this court should be bound by any guideline imprisonment range."  (Id. at 8.)  This argument too has been foreclosed by the Eighth Circuit.  See United States v. Starks, 551 F.3d 839, 841-42 (8th Cir. 2009) (rejecting the defendant's argument that Hasan has been abrogated by Booker, citing "clear and significant differences between original sentencing proceedings and sentence modification proceedings" (citation omitted)).  Therefore, I am not persuaded that I may reduce the defendant's sentence to a term less than 75 months.

I now proceed to "step two" of the Hasan analysis, which requires me to decide whether to give the defendant the benefit of the amended guideline range.  In making this determination, I must consider the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and I may also consider "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  USSG § 1B1.10, commentary, application note 1(B).

After due consideration, I find that the defendant should be given the benefit of the

amended guideline range.[3]  The defendant will be sentenced to a term of 75 months.  Because this sentence is equivalent to the low end of the amended guideline range (as adjusted to reflect the previous Rule 35(b) sentence reduction), there is no need for an evidentiary hearing.

**IT IS ORDERED** that the defendant's motion for a sentence reduction, filing 70, is denied to the extent that it requests a sentence of less than 75 months and an evidentiary hearing.  Otherwise, the motion is granted as shown in the Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (AO Form 247) filed herewith, and the defendant's prison sentence is reduced to a term of 75 months.

Dated February 24, 2009.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[3] I note parenthetically that the government does not dispute this point, (see filing 84 at 3, 8, 10), and that the probation officer's Retroactive Sentencing Worksheet recommends that the defendant's sentence be reduced to 75 months, (see Retroactive Sentencing Worksheet at 1).